## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

PATRICK MCLAURIN, #156613                                                     PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 2:13-cv-63-KS-MTP

RONALD KING, JOHNNIE DENMARK, BRENDA SIMS,
JOSEPH COOLEY, BEVERLY BRELAND, UNKNOWN MOODY,
CHRIS WOOLMAN, DORTHY MCCARTHY AND NINA INLARN          DEFENDANTS

### MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff

Patrick McLaurin, an inmate of the Mississippi Department of Corrections (MDOC), currently

incarcerated in the South Mississippi Correctional Institution (SMCI), filed this *pro se*

Complaint pursuant to 42 U.S.C. § 1983.  The named Defendants are Ronald King,

Superintendent of SMCI; Johnnie Denmark, Warden at SMCI;  Brenda Sims, Captain at

SMCI; Joseph Cooley, Investigator at SMCI; Beverly Breland, Captain at SMCI; Unknown

Moody, Corrections Officer at SMCI; Chris Woolman, Corrections Officer at SMCI; Dorthy

McCarthy, Corrections Officer at SMCI; and Nina Inlarn, Captain at SMCI.

On May 2, 2013, Plaintiff's request to proceed *in forma pauperis* was granted [8] and he

was ordered [10] to file a response to provide specific information regarding his claims and the

named Defendants.  On October 3, 2013, Plaintiff filed a signed version [18] of his Response

[11].  Upon liberal review of the Complaint [1] and Response [18], the Court has reached the

following conclusions.

I.      Background

Plaintiff complains about two rule violation reports (RVR) issued to him at the South

Mississippi Correctional Institution for "involvement in disruptive, assaultive, or gang activity"

and lying to staff.  Resp. [18] at 2.  Plaintiff was found guilty of the violations.  It appears that as

punishment for these disciplinary convictions Plaintiff was removed from trusty status, he lost an

unspecified amount of trusty-time sentence credits and some of his prison privileges were

restricted.

Plaintiff asserts various complaints regarding the Rule Violation Reports and disciplinary

process which he claims violates MDOC policy and his constitutional rights.  Plaintiff claims he

is factually innocent of the charges, there were delays in the delivery of the paperwork and

timing of the disciplinary hearing and the reports were not investigated.  Plaintiff also complains

that these errors were not corrected on appeal because Warden Denmark denied his appeals and

Superintendent King affirmed the denial of his appeals via the prison administrative remedy

program.  As relief, Plaintiff is clearly requesting restoration of his lost trusty-time and monetary

damages.  It also appears Plaintiff may be seeking expungement of the disciplinary proceedings

from his prison record and reinstatement of his trusty status.

## II.     Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines

an action "fails to state a claim on which relief may be granted" or  "is frivolous or malicious."

*See* 28 U.S.C. § 1915 (e)(2)(B).  The Fifth Circuit deems a complaint to be frivolous "if it lacks

an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn*

*v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992).  Since the Court has permitted Plaintiff

McLaurin to proceed *in forma pauperis* in this action, his Complaint is subject to the case

screening procedures set forth in 28 U.S.C. § 1915(e)(2).

**A. Habeas Corpus Claims**

Initially, the Court notes that the appropriate legal vehicle to attack unconstitutional prison administrative procedures or conditions of confinement is 42 U.S.C. § 1983.  *See Cook  v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994).  In contrast, habeas corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973);  *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement").  Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  *Cook*, 37 F.3d at 166 (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)).

The restoration of trusty-time[1] or any other sentence credits to an inmate would result in the inmate receiving an accelerated release from incarceration.  As such, Plaintiff must pursue his request for the restoration of his trusty-time or any other sentence credits through a petition for habeas corpus relief.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(holding that habeas corpus is the exclusive remedy for a claim for restoration of good-time credits); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)(en banc)(finding inmate "cannot . . . recover good-time credits lost in a prison disciplinary proceeding" in a § 1983 civil action). Therefore, Plaintiff's habeas corpus claim for the restoration of lost trusty-time or any other

---

[1]As explained by the Mississippi Supreme Court "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps*, 958 So.2d 271, 274 n.2 (Miss.2007)(citing Miss.Code Ann. § 47-5-138.1 (Rev.2004)).

sentence credits will be dismissed from this § 1983 case, without prejudice.

### B.  Section 1983 Claims

Initially, the Court notes that trusty status is a classification or custody level within MDOC.  An inmate does not have a constitutional right to receive a certain custodial classification while incarcerated.  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995).  Therefore, to the extent Plaintiff is requesting reinstatement of his trusty status or classification level, he is request is dismissed.

A civil rights action under § 1983 is the appropriate or available remedy for a prisoner's damages claim.  As set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994), a prisoner cannot bring a § 1983 action based on a conviction until that conviction "has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction or the length of his confinement."  *Clarke*, 154 F.3d at 189 (internal quotations omitted)(citing *Heck*, 512 U.S. at 486-87).  A prison disciplinary decision that results in a change to the prisoner's sentence is considered a conviction for purposes of *Heck. Id.*  Therefore, a prisoner's claims for declaratory relief and money damages based on alleged defects in his disciplinary process are barred by the *Heck* doctrine because such claims would "necessarily imply the invalidity of the punishment imposed."  *Edwards*, 520 U.S. at 648.

If the Court were to find in Plaintiff's favor and determine that his prison disciplinary convictions were invalid and should be expunged, it would "necessarily imply the invalidity of the punishment imposed," meaning it would necessarily imply the invalidity of his loss of

trusty-time sentence credits.  *Id.*  Since the rule set forth in *Heck v. Humphrey* and  *Edwards v.*

*Balisok* apply to Plaintiff's claims, he must demonstrate that his disciplinary convictions have

been invalidated as a prerequisite for this case to proceed under § 1983.  Plaintiff does not

provide any information to indicate that his disciplinary actions have been invalidated.[2]  As such,

the Court finds that Plaintiff's § 1983 claims for money damages and expungement of his

disciplinary convictions are not cognizable at this time.  *See e.g., Evans v. Baker*, 442 F. App'x

108, 110 (5th Cir. 2011)(finding dismissal under *Heck* and *Edwards* of inmate's § 1983

complaint seeking expungement of adverse disciplinary proceedings to be proper even after

inmate withdrew his claim to have good-time credits restored).

In addition, the Court finds that Plaintiff does not have a federally protected liberty

interest in having a prison grievance investigated or resolved to his satisfaction.  *Geiger v.*

*Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Mahogany v. Miller*, 252 F. App'x 593,

595 (5th Cir. 2007)(holding inmate does not have protected liberty interest in filing grievances).

As such, Plaintiff's claims related to how his grievance was handled by Defendants Denmark

and King are frivolous.  *See Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012)(finding

inmate's claim that he was denied adequate investigation into his grievance was properly

dismissed as frivolous);  *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011)(finding

prisoner "does not have a constitutional right to a grievance procedure at all" therefore claims

that appeals within the prison system were "arbitrarily and capriciously denied" are not

cognizable).

As a final point, the Court finds that Plaintiff is not entitled to relief under § 1983 based

---

[2]Plaintiff was ordered to specifically state if the complained of RVR has been invalidated by any of the means set forth in *Heck*.  *See* Order [10];  Resp. [18].

on his claim that MDOC policy and procedure was violated by the complained of rule violation reports and resulting disciplinary process. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.").

### III.    Conclusion

As discussed above, Plaintiff's habeas corpus claims will be dismissed from this § 1983 case without prejudice.[3] Plaintiff's § 1983 claims are dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii). The dismissal of Plaintiff's § 1983 claims are with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(finding claims are properly "dismissed with prejudice . . . until the *Heck* conditions are met").

Since Plaintiff's § 1983 claims are dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, this dismissal will be counted as a "strike." If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal. *See* 28 U.S.C. § 1915(g).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 20th day of November, 2013.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE

---

[3]The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.